WEST END HOTEL & LAND CO. v. AMERICAN FIRE INS. CO. OF NEW YORK.

(Circuit Court, W. D. North Carolina. April 29, 1896.)

1. FIRE INSURANCE—CONDITIONS IN POLICY—ACTS OF LOCAL AGENT.

Before the execution of a policy the power and authority of a local and soliciting agent are co-extensive with the business intrusted to his care, and his positive knowledge as to material facts, and his acts and declarations within the scope of his employment, are obligatory on his principal, unless restricted by limitations well known to the other party at the time of the transaction. Therefore the knowledge, acts, and declarations of such agent during the negotiations previous to the execution of the policy may be proved upon a question as to whether a particular condition contained in the policy as issued was binding on the insured.

2. SAME—WAIVER OF CONDITIONS—KNOWLEDGE OF LOCAL AGENT.

The fact that a local soliciting agent obtained knowledge, after the execution of the policy, that gasoline was being used on the premises, contrary to an express promissory warranty, and his mere silence on the subject, does not operate as a waiver of such condition, where the policy provides that he shall have no authority to change or modify any of its terms.

3. SAME—DUTY TO CANCEL POLICY.

The fact that the insurer has the right to cancel the policy for any unauthorized or unapproved acts on the part of the insured raises no obli-

gation to formally cancel the same and return a part of the premium whenever its local agent ascertains that the insured is violating one of the conditions; and its failure to do so is no waiver of its right to rely upon the breach.

This was an action at law by the West End Hotel & Land Company against the American Fire Insurance Company of New York to recover upon a policy of fire insurance. The cause was heard upon a motion, made at the conclusion of the evidence, for peremptory instructions to return a verdict for defendant.

C. B. Watson and R. B. Glenn, for plaintiff.

Trenholm, Rhett & Miller, and Jos. E. Boyd, for defendant.

DICK, District Judge. At the conclusion of the evidence introduced on this trial a motion was submitted to the court for peremptory instructions to the jury to return a verdict in favor of defendant. After hearing and considering able and elaborate arguments of counsel on both sides, I am of opinion that the motion of defendant can properly be allowed; but for the purpose of affording the plaintiff full opportunity for having all of my rulings reviewed in an appellate court I will state definitely my conclusions as to the facts and the questions of law involved in the case, and give ample time to counsel of plaintiff to present objections heretofore made in a formal bill of exceptions.

This action was brought upon a policy of insurance executed and delivered by defendant to the plaintiff through the agency of Mr. Buxton. The execution of the policy has been conceded in the pleadings, and the plaintiff has proved the destruction of the property by fire, and the due service of the preliminary proofs required by the policy. The chief ground of defense relied upon, is that the plaintiff failed to perform a promissory warranty, expressly and definitely set forth in the policy, that no gasoline or other inflammable substance of like kind should be kept, used, or allowed upon the premises insured, unless permission should be first obtained from defendant, evidenced by a written indorsement or printed slip attached to the face of the policy; that no such permission was applied for or granted, and the plaintiff, in violation of its express promissory warranty, introduced gasoline fixtures and kept and used gasoline upon the premises included in the policy, which, by explosion, caused the destruction of the property by fire. This positive and unambiguous promissory warranty was an express condition created by the agreement of the parties, and required substantial performance on the part of plaintiff in order to subject the defendant to liability for indemnity for loss by fire. The plaintiff insisted that Mr. Buxton, the local agent of defendant, previous to the erection of the gasoline fixtures on the premises, advised as to the proper location of the building in which he knew they were to be placed, and was fully cognizant of the presence and operation of such gasoline fixtures in the laundry building, located under his advice, and he made no objection; and his knowledge, advice, and acquiescence should be imputed to his principal, and be deemed obligatory. Before the execution of a policy of insurance the power and authority of a local

and soliciting agent are co-extensive with the business intrusted to his care, and his positive knowledge as to material facts, and his acts and declarations within the purposes and scope of his employment, are obligatory on his principal, unless restricted by limitations well known to the parties with whom he deals at the time of a transaction. The most essential elements of a contract of insurance are truth, candor, honesty, and fair dealing between parties. The mass of mankind have very little practical knowledge of the cautious, technical, complicated, and ramified principles and methods of insurance, devised and developed through centuries, and formulated into systems by the wisdom and experience of practical business men, aided by the learning, shrewdness, and ability of lawyers; and yet many of those principles are so unsettled as to give rise to numerous inharmonious or conflicting decisions in the courts. Most persons who desire insurance can have no accurate information of the condition, rules, and methods of remote companies engaged in such business, and must necessarily rely with confidence upon the knowledge, acts, and declarations of local, soliciting, and inducing agents, and regard them as complete representatives of their companies in all things said and done in negotiating contracts, and may show by parol evidence that the terms of an executed policy does not include the entire contract negotiated, or were induced and procured by previous false representations, concealments, or other fraudulent practices on the part of such local agents. After the execution of a policy, where no fraud or imposition has been practiced, the express terms of the policy regulate the relations of the parties, and any limitations upon the power and authority of the local agent must be strictly observed; but such limitation cannot, by relation, be applied as a restriction upon the power and authority of the local agent as to acts and declarations previous to and inducing the execution of the policy. The limitations in the policy are often construed liberally when applied to conditions which are to be performed after a loss is incurred, as they in no way increase the risk assumed, and only relate to remedies and methods of adjusting liabilities. During the continuance of the risk assumed by an executed policy no change in terms which increases the hazard of such risk can be made except in the manner and form provided for in the contract. A subsequent contract, negotiated by a local agent, founded upon some new consideration, accepted and approved by the executive officers of the company, would be obligatory; and such approval may often be inferred from the acts of the company in knowingly receiving and retaining the new consideration, or by not promptly repudiating a transaction of a local agent of which it has been fully advised, and its approval requested. I think that I acted properly in allowing the plaintiff to show in evidence the knowledge, acts, and declarations of Mr. Buxton, the local agent of defendant, during the negotiations previous to the execution of the policy. It appears from the evidence that Mr. Buxton had knowledge that the plaintiff company was about to erect a laundry building as an annex to its hotel, and he advised the erection of such building at a place further removed from the hotel than was at first contemplated by

the managers, and he assigned as a reason for his advice that the proximity of the laundry would interfere with the insurance of the hotel and such annex. At that time the plaintiff had not obtained a policy from the defendant. The advice of the local agent was wise and truthful, and was not calculated to mislead the plaintiff in obtaining a future policy of insurance. Mr. Buxton at the time was a stockholder in the plaintiff company, and we may well presume that he desired such company to obtain insurance at the best rates possible, and that his advice was prompted by such motive. It fully appears that the plaintiff was not deceived or misled by such advice, for in a short time afterwards a policy of insurance, negotiated by Mr. Buxton, was accepted from the defendant, in which there was an express promissory warranty that no gasoline should be kept, used, or allowed on the premises included in the policy. The premium paid on this policy was not in consideration for the extrahazardous risk that would be incurred by the employment of gasoline in the laundry building to be erected.

As there is no matter of fraud or imposition involved, the court may properly presume that the plaintiff understood the plain and positive terms of its agreement in the policy, and well knew that its failure to comply with its promissory warranty would at once avoid the policy, and relieve the defendant from liability. It also knew from the express provisions of the policy how to obtain a modification of this warranty by applying to the defendant, and paying an additional premium for an increase of hazard on the risk to be incurred by the use of gasoline. The fact that Mr. Buxton knew that some time subsequent to the date of policy gasoline fixtures had been placed in the laundry building, and were kept in operation for several months, did not waive the obligation imposed by the promissory warranty, and in no respect ratified by implication the unauthorized act of the plaintiff. By the express terms of the policy the local agent had no power and authority to change the definite agreement of the parties otherwise than as provided in the policy; and certainly no change of such agreement can be implied which is wholly inconsistent with and repugnant to express stipulations. Acquiescence and waiver are always matters of fact that arise from proof of positive knowledge, or acts done by agents within the proper scope of their agency. There is no evidence tending to show that Mr. Buxton, by any direct promise or act, induced the plaintiff to keep and use gasoline on the insured premises under the belief that its promissory warranty was not strictly obligatory, or would be waived or changed otherwise than as provided for in the policy. From Mr. Buxton's high reputation for integrity, intelligence, and practical business qualifications, we certainly cannot reasonably infer that his mere silence and nonaction as local agent of defendant were calculated or intended to inure to his benefit as a stockholder in the plaintiff company.

The counsel of plaintiff further insisted that, as the defendant, under the terms of the policy, had the right to cancel the contract for any unauthorized or unapproved act on the part of the plaintiff, honesty and fair dealing required the defendant to promptly cancel

the policy, and return part of the premium to the extent of the relieved risk; and, as this was not done, the plaintiff had reasonable grounds for supposing that defendant acquiesced in the introduction of gasoline fixtures within the laundry building, and plaintiff was thus induced to believe that no further effort was necessary to ratify the insurance in the uncanceled policy, or to obtain other insurance on the premises. As soon as gasoline was kept and used upon the insured premises without the consent or approval of defendant, the policy was avoided by the express terms of the contract of the parties; and the defendant was under no legal or moral obligation to formally cancel the policy, and return part of the premium. The risk had for a time been incurred, and the policy had been avoided by the voluntary and illegal act of plaintiff. The defendant did nothing to induce the commission of such illegal act, but, on the contrary, had expressly provided how such act of forfeiture could have been prevented. Upon the most liberal construction and application of the principles of honesty, justice, and fair dealing, I cannot conceive of any phase of this case that would entitle plaintiff, which paid $50 as-premium for an ordinary risk, to recover $2,500 for the loss of property occasioned by the voluntary breach of its plain and express promissory warranty, without any fault on the part of defendant, and without the payment of premium for an extrahazardous risk.

After hearing the opinion of the court, the plaintiff's counsel asked leave to take a nonsuit, and judgment of nonsuit was entered of record.